Dear Mayor Essex:
You have requested an opinion of the Attorney General regarding the authority, vel non, of the Village of Robeline (the "Village") and the Robeline Recreation Association, Inc. (the "Association"), to enter into a cooperative endeavor agreement to refurbish the Robeline School Gymnasium and Grounds into a community center (the "Center") to be used by Robeline youth, the majority of whom come from low to moderate income families. The property is currently in disrepair and its transformation into the Center will constitute the only one of its kind located in the Village. The Village and the Association will also seek matching fund grants for the project.
You specifically ask whether it is legally permissible for the Village and the Association, a 501 (c) (3) nonprofit corporation, to enter into a cooperative endeavor agreement pursuant to which the Village will assist in the cost of the repairs, maintenance and utilities, as funds are made available therefor.
As you are aware, Article VII, Section 14 of the 1974 Louisiana Constitution generally prohibits the loan, pledge or donation of public funds or property. While Paragraph (C) of Section 14 authorizes the State and its political subdivisions (i.e., the Village) to engage in cooperative endeavors for a public purpose, our Courts have determined that Paragraph (C) does not create an exemption or exception from the general constitutional prohibition, but rather merely supplements the prohibition against donations contained in Paragraph (A). City of Port Allenv. Louisiana Risk Management, et al., 439 So.2d 399 (La. 1983) and Attorney General Opinion No. 90-651.
The jurisprudence and prior opinions of this office have recognized a threefold test for cooperative endeavors to be deemed valid under our Constitution. The expenditure or transfer of public funds or property must be based on a legal obligation or duty (i.e., a valid statute, ordinance, charter or contract). The expenditure must also be for a public purpose. Finally, the expenditure must create a public benefit proportionate to its cost (i.e., the amount expended). Beard-Poulan, Inc. v.Department of Highways, 362 F. Supp. 547 (W.D. La. 1973) and Attorney General Opinion Nos. 93-787, 92-222, 92-127 and 90-651. In our opinion, cooperative endeavor agreements are constitutionally sanctioned as long as the agreements meet this three part test.
The requirement of a legal obligation for the expenditure or transfer of public funds was discussed in the City of Port Allen
case. As we interpret that decision, the legal obligation
referred to must be present even if the external agency (e.g.,
the Association) provides a public benefit or service, and even if the services provided are consistent with, and supportive of the duties and functions of the Village. Attorney General Opinion No. 93-787.
This office has previously opined that municipalities are vested with broad and sweeping authority to develop and administer recreational programs and facilities in accordance with R.S.33:4553. Attorney General Opinion Nos. 96-202, 96-185 and 75-1192. Accordingly, a cooperative endeavor agreement calling for the expenditure of public funds to develop and administer recreational programs and facilities within the Village constitutes an agreement grounded upon a valid legal obligation and/or duty.
As correctly noted in Attorney General Opinion Nos. 96-202 and 96-185, such expenditures make it possible for the general public of the Village to utilize a facility which will contribute to the recreational and educational pursuits of its children. Clearly, the expenditure serves a public purpose.
Finally, the benefit to the citizens in the community, while somewhat intangible, is nevertheless, substantative, and one of the important contributions which government can make to the quality of life of its citizens. Accordingly, if the proposed expenditures are reasonably proportionate to the benefit to be received by the Village and its citizens, they will be constitutionally permitted.
We find support for our position from the following opinions and/or cases:
1. The Village of Robeline can enter into a cooperative endeavor agreement with the Robeline Recreation Association, Inc., and pursuant thereto, contribute to the cost of the installation and maintenance of lighting fixtures to be placed around a baseball/softball park owned by the Association. Attorney General Opinion No. 96-202.
2. Town of Olla can make improvements to an existing ball field located within town limits, but owned by a recreation district under the Town's broad authority to develop and administer recreational programs and facilities. Attorney General Opinion No. 96-185.
3. A municipality may enter into a cooperative endeavor agreement with a Parent-Teacher Association under which the Town will purchase an air-conditioning unit to be placed in a junior high school which is frequently used to hold public meetings. Attorney General Opinion No. 80-1057.
In addition, Paragraph (B) of Section 14 permits the expenditure of public funds for purposes of social welfare for the aid and support of the needy. We have previously held that the exception in Paragraph (B) is operative as long as those assisted through such a program are screened pursuant to objective criteria to insure that they are, in fact, needy. Attorney General Opinion Nos. 96-109, 94-157, 92-543 and 80-453. See also Attorney General Opinion No. 77-310 which concludes that a city may make contributions of public funds to private nonprofit corporations engaged in providing services to youth organizations and to the elderly, some of whom are classified as needy through programs of social welfare.
In Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990), a transfer of funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state". The court deemed that the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, a non-public body (i.e., a nonprofit corporation), with a commitment to assist the Federation in carrying out its constitutional and legal duties.
We find the facts presented in Nicholls to be similar to those presented in the request before us. A review of the Articles of Incorporation of the Association reflect its corporate purpose to be the promotion of education, culture and recreation for the citizens of Robeline. The Village is clearly authorized to develop and administer recreational programs and facilities within its jurisdiction. It may carry out its authority under a cooperative endeavor agreement whereby Village funds are appropriated to the Association in return for the latter's commitment to assist the Village in implementing its recreational program, including programs of social welfare.
Care should be taken to insure that the cooperative endeavor agreement clearly reflects (1) the reciprocal rights and duties of each party, (2) the nature and description of the public benefit to be derived therefrom and (3) that the public benefit created is proportionate to the expenditure made by the Village. Further, as previously noted, assistance to children from low to moderate income families must be based upon a systematic program of objective criteria to insure that the individuals assisted are truly needy.
It should be emphasized that the legality, vel non, of a proposed cooperative endeavor agreement must be determined on a case-by-case basis according to the factual scenario submitted for our review. Therefore, this opinion is limited to the facts presented in your inquiry and the specific cooperative endeavor agreement resulting therefrom.
Should you have any additional questions concerning this matter, please do not hesitate to contact us. With kindest regards, we are
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla